DICK JOHNSON v. THE STATE.

No. 13483. Delivered June 4, 1930.
Reported in 29 S. W. (2d) 387.

The opinion states the case.

*Jack B. Deahl,* of Wellington, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The record is before us without any bills of exception. The only defensive issue appearing is that of agency, which was fully and fairly submitted to the jury in the charge. The prosecuting witness testified that he went to appellant and wanted some whisky; that appellant said he did not know, but that he could find a quart. Appellant left, but came back presently and witness and appellant got in the car of the latter and went to a certain gin. At this point appellant told witness where to look for the whisky. The witness had asked appellant before they left what the whisky was worth. He paid appellant five dollars at the gin. Appellant told him to look on the south side of the gin, and at the point indicated witness found a quart of whisky in a fruit jar. Appellant did not give the witness any change for the five dollars which witness says he paid to appellant. Appellant took the stand and testified that when this witness came to him and wanted whisky he told witness he thought he knew where he could get him some whisky; that he got in his car and drove to Bill Weaver's place and got a quart of whisky from one of Bill Weaver's cotton pickers which he brought back to town and gave to prosecuting witness. He said he paid the cotton picker for the whisky, and that he got it for prosecuting witness as a friend. He said he bought the whisky from a fellow named Blackie, about two and one-half miles out in the country. He admitted that he did not tell the officers when he was arrested that he bought it from a fellow named Blackie, and that he was testifying to this fact for the first time. He said on cross-examination that he did not think that Blackie stayed out in the country but two or three days after that; hat nobody introduced him to Blackie, and that he had just met him on Saturday night before they were down there on Sunday, when he said Blackie told him he was staying out at Weaver's. He further admitted on cross-examination that Bill Weaver was not a particular friend of his. He said that Blackie had never told him that he had whisky for sale, and that he had not gotten other whisky from Blackie for other people. He admitted that he met Blackie in Dodsonville, a perfect stranger, and that they happened to get in a conversation, and that said party told him his name was Blackie; that he had some liquor but did not tell him he had it for sale, and that he got in his car and drove two miles and a half to get this liquor from Blackie as an accommodation.

We think the jury justified in concluding that appellant was not telling the truth, and in their conclusion that he was guilty of selling liquor to the prosecuting witness.

The judgment will be affirmed.

*Judgment affirmed.·*